**Samuel D. COLLINS, Petitioner,**

v.

**Bert O. WEBB, Warden, State Prison at Soledad, Respondent.**

Civ. No. 34781.

United States District Court
N. D. California, S. D.

Aug. 3, 1955.

Samuel D. Collins in pro. per.

Herbert Brownell, Jr., U. S. Atty. Gen., for respondent.

EDWARD P. MURPHY, District Judge.

This is a petition for writ of habeas corpus by a prisoner convicted in the courts of the State of California in 1946. He alleges that his conviction was based upon evidence seized in an unreasonable search and seizure, in violation of the Fourth Amendment to the Constitution of the United States, and that the admission of this evidence deprived him of due process and equal protection of the laws as guaranteed by the Constitution of the United States, Amend. 14. The petition alleges the exhaustion of state remedies, and is properly in this court.

Petitioner does not rely, without more, on the introduction of illegally seized evidence on the trial in the state court. It is still clearly the law that although unreasonable searches and seizures are violations of the Fourteenth Amendment to the Constitution of the United States when carried out by state agents, neither the Fourth nor the Fourteenth Amendment *in themselves* prohibit the introduction of such illegally seized

evidence on the trial. Wolf v. Colorado, 1949, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782. In the federal courts, the Supreme Court of the United States has laid down a rule of evidence that such evidence may not be introduced, as a means of combatting the evils engendered by lawless searches by federal agents. Weeks v. United States, 1914, 232 U.S. 383, 34 S. Ct. 341, 58 L.Ed. 652. But the Supreme Court has recently made it clear that the States are free to decide for themselves whether or not they will exclude from the trial evidence which was seized in violation of the Fourth and Fourteenth Amendments, Irvine v. People of State of California, 1953, 347 U.S. 128, 74 S.Ct. 381, 98 L.Ed. 561, and that it is not a violation of due process of law for the State to permit the introduction of such evidence.

Petitioner's argument in this application is likewise not based upon Rochin v. People of California, 1952, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183. There the Supreme Court struck down a conviction based upon evidence secured by brutal and uncivilized coercion of the defendant. That case is not applicable here.

Petitioner's argument in this application is based solely upon the recent decision by the Supreme Court of California in People v. Cahan, 44 Cal.2d ——, 282 P.2d 905. In that case, the Supreme Court of California made a careful review of the law on the subject of the admissibility of illegally obtained evidence. It noted that the federal exclusionary rule was not binding upon the state courts under the decisions above referred to, and concluded that "whatever rule we adopt, whether it excludes or admits the evidence, will be a judicially declared rule of evidence." People v. Cahan, supra, 282 P.2d at page 910. Up to that time, California had followed the common law rule of evidence on the subject, admitting such evidence. In Cahan, the Supreme Court of California re-examined the effectiveness of the rule previously adhered to in California, and resolved to change its rule of evidence,

specifically overruling such prior cases as People v. LeDoux, 1909, 155 Cal. 535, 102 P. 517; People v. Mayen, 1922, 188 Cal. 237, 205 P. 435, 24 A.L.R. 1383; People v. Gonzales, 1942, 20 Cal.2d 165, 124 P.2d 44; People v. Kelley, 1943, 22 Cal.2d 169, 137 P.2d 1, and to adopt the rule that evidence illegally seized would no longer be admissible in California courts. People v. Cahan, 44 Cal.2d ——, 282 P.2d 905. The Court was obviously declaring a rule of evidence which would apply to the case then under consideration and to future cases, not to cases already adjudicated: "whatever rule we adopt * * * *will be* a judicially declared rule of evidence." Id., 282 P.2d at page 910. (Emphasis added.)

Subsequent to this decision, the petitioner applied to the Supreme Court of California for relief on the ground that his conviction was secured with the aid of evidence illegally obtained. In other words, petitioner sought a retroactive application of the new rule of evidence so as to avoid his conviction. His petition was denied, and the petitioner here argues that he was deprived of the equal protection of the laws, and of due process of law, when the California Supreme Court denied him the retroactive application of its rule of evidence. This claim, then, is the sole issue before this court.

■ The subject of the effect of an overruling decision is an old one, and has been discussed at length in the legal literature. See, e. g., 60 Harv.L.Rev. 437 (1947); 42 Yale L.J. 779 (1933). Whatever doubts of a philosophical nature may remain, the law is nevertheless clear: a state court has power to give an overruling decision prospective application only, and to deny it any retroactive effect. This has been held to be so in the case of decisions overruling a previous construction of statutes, Great Northern Ry. Co. v. Sunburst Oil & Refining Co., 1932, 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360; it has been so held in the case of a decision overruling a previous common law rule of property law, Tidal Oil Co. v. Flanagan, 1924,

263 U.S. 444, 44 S.Ct. 197, 68 L.Ed. 382; and the same principle, that of prospective application only of an overruling construction of a statute, has more recently been applied to a federal criminal case, Warring v. Colpoys, 1941, 74 App. D.C. 303, 122 F.2d 642, 136 A.L.R. 1025. In the Colpoys case, a defendant was convicted under a criminal contempt statute. Subsequent to his conviction, the Supreme Court of the United States construed the statute under which he was convicted so as to make clear that the act for which he was convicted was not covered by the statute. The defendant thereupon sought a writ of habeas corpus, and appealed a denial of the writ to the Court of Appeals for the District of Columbia. The Court affirmed the denial of the petition, saying:

"We believe that appellant is not entitled to discharge upon the habeas corpus writ. The District Court had the power to sentence him in a criminal contempt proceeding in 1939. The Nye case of 1941 should not be applied so as to sweep away that power as of 1939. * * * We reject the idea that if a court was considered to have the power in 1939 to do a certain thing under existing statutory construction, and in 1941 that construction is changed so that it no longer has the power to do that thing, it should be concluded that it never had the power in 1939." 122 F.2d 642, 647.

It should be noted that these cases deal with the effect of decisions overruling substantive propositions of law. What was decided there applies with greater force in the case of a rule of evidence. It is not a requirement of due process of law, or of equal protection of the laws, that a state may not reform its rules of evidence when it deems it necessary to do so, unless it is prepared to grant unlimited retroactive effect to the new rule. To require retroactive effect for the rule under consideration would be to lay an almost impossible burden on the courts of California. The Con-

stitution does not exact any such burden as the price of reform. The petition is denied.