Per Curiam.

Petitioner’s first contention is that marijuana is not classified as a narcotic by the federal government. Such a classification is immaterial as to whether the possession of marijuana may constitute a crime or whether marijuana may be classified as a narcotic under the laws of Ohio. It is well settled that the regulation of narcotic drugs falls within the police power of the state. 17A American Jurisprudence, 515, Drugs and Druggists, Section 9. The state of Ohio in the exercise of its police power has enacted a narcotic drug act, Section 3719.01 et seq., Revised Code. “Narcotic drugs” are defined in Section 3719.01 (L), as follows:
“ ‘Narcotic drugs’ means coca leaves, opium, isonipecaine, amidone, isoamidone, keto-bemidone, cannabis, and every substance not chemically distinguishable from them and every drug to which the federal laws relating to narcotic drugs may apply. ’ ’
The drug as to which petitioner was indicted and tried was specified as cannabis, commonly known as marijuana. There is no question that the state had, under its police power, the right to classify cannabis as a narcotic drug. The petitioner’s first contention is without merit.
The petitioner urges further that since he was not convicted of a sale he could not be convicted of possession for sale. In other words, to prove possession for sale the state would have to prove an actual sale. This is a question of proof, a matter which is not reviewable in a habeas corpus proceeding. Such errors, if they exist, must be urged by appeal. Ex parte Van Hagan, 25 Ohio St., 426; McConnaughy v. Alvis, Warden, 165 Ohio St., 102. The guilt or innocence of a party is not an issue in a habeas corpus proceeding. In re Poage, 87 Ohio St., 72.
Petitioner urges also that he was denied the right to face his accusers. He was tried in open court before' a judge, having waived a jury, and was represented by counsel of his own choosing. There is nothing to indicate that he was denied the process of the court to procure any witness he desired. Under such circumstances, there is no issue which can now be raised in a habeas corpus proceeding. Ex parte Van Hagan, supra.
*421 The petitioner feels that there was some error in his sentence. Even if this were true, it is a matter which cannot be corrected by a proceeding in habeas corpus. Birns v. Sweeney, Sheriff, 154 Ohio St., 137; Ex parte Van Hagan, supra.
The final contention of petitioner is that his conviction was void on the ground that it was based upon illegally obtained evidence. This contention of course is based on the decision in Mapp v. Ohio, 367 U. S., , 6 L. Ed. (2d), 1081, wherein it was determined that evidence illegally obtained violated the due process clause of the Constitution and was, therefore, not admissible in a state court.
At the time petitioner was tried' and convicted, illegally obtained evidence was admissible not only in the Ohio courts but also in the courts of some 20 states. There is no question that under the rules of laAV in existence at the time of petitioner’s conviction such evidence was admissible. A subsequent change in the law does not entitle him to release from custody. Sunal v. Large, Supt., 332 U. S., 174; Collins v. Webb, Warden, 133 F. Supp., 877; and Warring v. Colpoys, Marshal, 122 F. (2d), 642.
In the Sunal case, at pages 181 and 182, it is stated:
“We are dealing here with a problem which has radiations far beyond the present cases. The courts which tried the defendants had jurisdiction over their persons and over the offense. They committed an error of law in excluding the defense which was tendered. That error did not go to the jurisdiction of the trial court. Congress, moreover, has provided a regular, orderly method for correction of all such errors by granting an appeal to the Circuit Court of Appeals and by vesting us with certiorari jurisdiction. It is not uncommon after a trial is ended and the time for appeal has passed to discover that a shift in the law or the impact of a new decision has given increased relevance to a point made at the trial but not pursued on appeal. Cf. Warring v. Colpoys, supra. If in such circumstances, habeas corpus could be used to correct the error, the writ would become a delayed motion for a new trial, renewed from time to time as the legal climate changed. Error which was not deemed sufficiently adequate to Avarrant an appeal would acquire new implications. Every error is potentially reversible error; and many rulings of the trial court spell the difference between con *422 viction and acquittal. If defendants who accept the judgment of conviction and do not appeal can later- renew their attack on the judgment by habeas corpus, litigation in these criminal cases will be interminable. Wise judicial administration of the federal courts counsels against such course, at least where the error does not trench on any constitutional rights of defendants nor involve the jurisdiction of the trial court. ’ ’
If it should be considered that any error occurred in the admission of such evidence in the prosecution of petitioner, such error cannot be raised in a habeas corpus proceeding. 5 Wharton’s Criminal Law and Procedure, 474, Section 2236; and 25 American Jurisprudence, 183, Habeas Corpus, Section 53, wherein it is stated that “it is a settled rule that error in the admission or exclusion of evidence furnishes no ground for relief upon habeas corpus.”
Since such alleged error did not go to the jurisdiction of the trial court, it is not reviewable in a' habeas corpus proceeding.

Petitioner remanded to custody '.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell and O’Neill, JJ., concur.
Herbert, J., not participating. . .