Per Curiam.

Petitioner’s primary contention in this action is that his incarceration was void because it was based on illegally obtained evidence and thus was contrary to the principles enunciated in Mapp v. Ohio, 367 U. S., 643, decided June 19, 1961.
According to petitioner, on March 17, 1960, he was sitting in his car which was properly parked in the city of Cincinnati when two police officers accosted him and for no reason and without a warrant forced him out of his car at gun point, took the keys from the ignition switch and opened the trunk of his car, where the stolen goods and hypodermic needles were found. These statements are uncorroborated. Since the petitioner pleaded guilty there is no trial record. Petitioner contends this was an illegal search and seizure and thus he is entitled to re *484 lease. He urges that his indictments and the sentences thereunder were voided by the acts of the police officers.
In order to adequately dispose of petitioner’s contentions, we will assume that an illegal search and seizure did produce evidence against petitioner.
Inasmuch as petitioner’s indictment and plea antedated the Mapp decision and were entered at a time when illegally obtained evidence was admissible, we are faced first with the question as to whether the Mapp decision should he given retrospective application.
There is nothing in the Mapp opinion itself to indicate whether the decision shall operate retroactively. An examination of the majority opinion would indicate that, although the reasoning is based on the applicability of the Fourth and Fourteenth Amendments of and to the Constitution of the United States and the right of privacy from unreasonable state intrusion, basically, it is directed as a deterrent to unconstitutional methods of law enforcement rather than to protect or prevent the conviction of the innocent or the guilty. Under such circumstances we feel that the Mapp decision is prospective only and is not applicable to sentences imposed before it was announced. Spence v. Sacks, Warden, 173 Ohio St., 419; and Collins v. Webb, Warden, 133 F. Supp., 877. There is a most comprehensive discussion of this problem in 110 University of Pennsylvania Law Review, 650.
However, petitioner gains no help from the Mapp case. He cannot claim he was- convicted on illegally obtained evidence. Since he pleaded guilty, there was no trial and thus no evidence admitted against him. Hence, even if the state’s evidence was illegally obtained it cannot affect his plea of guilty. People v. Bertrand, 28 Misc. (2d), 1084, 216 N. Y. Supp. (2d), 790.
Petitioner urges that the use of this allegedly illegally obtained evidence permeated his indictments and rendered them void, thus voiding all subsequent proceedings. This contention is without foundation. There is no way of knowing what evidence was presented to the grand jury. Even if the evidence .presented to the grand jury was illegally obtained it would not vitiate the indictments.
*485 In Costello v. United States, 350 U. S., 359, 363,.the court said:
“In Holt v. United States, 218 U. S., 245, this court had to decide whether an indictment should be quashed because supported in part by incompetent evidence. Aside from the incompetent evidence ‘there was very little evidence against the accused.’ The court refused to hold that such an indictment should be quashed, pointing out that ‘The abuses of criminal practice would be enhanced if indictments could be upset on such a ground. ’ 218 U. S., at 248. The same thing is true where as here all the evidence before the grand jury was in the nature of ‘hearsay.’ If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the- prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.
“Petitioner urges that this court should exercise its power to supervise the administration of justice in federal courts and establish a rule permitting defendants to challenge indictments on the ground that they are not supported by adequate or competent evidence. No persuasive reasons are advanced for establishing such a rule. It would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules. Neither justice nor the concept of a fair trial requires such a change. In a trial on the merits, defendants are entitled to a strict observance of all the rules designed to bring about a fair verdict. Defendants are not entitled, however, to a rule which would result in interminable delay but add nothing to the. assurance of a fair trial.” See, also, Lawn v. United States, 355 U. S., 339.
Next, petitioner urges that he was denied his constitutional rights for failure to have a complete preliminary hearing. *486 Even if true this does not affect the validity of his incarceration and is not a ground for relief by habeas corpus. Norton v. Green, Supt., 173 Ohio St., 531; White v. Maxwell, Warden, 174 Ohio St., 186; and Crider v. Maxwell, Warden, 174 Ohio St., 190.
Finally, petitioner contends that his attorney promised him that if he pleaded guilty he would get probation or the sentences would run concurrently. The fact that petitioner’s attorney may have made certain representations to him is not reviewable in habeas corpus. Norton v. Green, supra; and Click v. Eckle, Supt., 174 Ohio St., 88.
Petitioner has shown no deprivation of his constitutional rights nor any lack of jurisdiction, entitling him to relief by way of habeas corpus.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, 0 ’Neill, Griffith, Herbert and Gibson, JJ., concur.